# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN HAMLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-1030-R |
| | ) | |
| DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a licensed attorney appearing pro se, filed this action seeking declaratory and injunctive relief from a number of federal agencies and officials, alleging that the use of his Social Security number as part of Medicare identification number violates the Fourteenth Amendment. He alleges he is a recent Medicare enrollee and that his Medicare card contains his Social Security number, making it likely that at some point in the future he will be the victim of identity theft. He seeks injunctive relief compelling the Centers for Medicare & Medicaid Services ("CMS") to issue him a new Medicare patient identification card that does not contain his Social Security number. He further contends that a portion of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") is unconstitutional because those provisions would prevent him access to medical records if used by a person who has stolen his identity. Defendants have filed a Motion to Dismiss (Doc. No. 19), to which Plaintiff has responded (Doc. No. 20) and Defendants have filed a Reply (Doc. No. 21). Having considered the parties' submissions, the Court finds as follows.

Defendants seek dismissal on a number of bases, not all of which need be addressed herein. Plaintiff's response largely fails to acknowledge Defendants' arguments, contending that any claim by Defendants that implementation of the Medicare Access and CHIP Reauthorization Act of 2015 ("MACRA") cannot be implemented is false, given that other federal agencies have the capacity to assign numbers to participants other than Social Security Numbers. MACRA was enacted in 2015 and mandates that removal of social security numbers from the cards of new Medicare enrollees in the future, on a date to be specified by the Secretary of Health and Human Services, and not later than four years after enactment of the statute. With regard to persons already enrolled, the deadline is not more than four years after the Secretary's effective date for issuance of new cards, so in no event no greater than eight years after enactment of MACRA. As noted by Defendants, many of whom are apparently included because their agencies have successfully transitioned away from the use of Social Security numbers, Plaintiff has not alleged any injury in fact sufficient to establish standing. Furthermore, there is no legal basis for the Court to order the relief he requests at this juncture, because MACRA does not require CMS to remove Social Security numbers for current recipients for many years.

> [T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

"Allegations of possible future injury do not satisfy the requirements of Art. III." *Whitmore v. Ark.*, 495 U.S. 149, 158 (1990). The "injury or threat of injury must be both real and immediate, not conjectural or hypothetical" *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983) (quotation marks omitted).

Plaintiff's argument that other federal government agencies have successfully ceased relying on Social Security numbers in administering their programs does not provide a basis for suit against those agencies or against the Department of Health and Human Services and Centers for Medicare and Medicaid Services. Furthermore, with regard to MACRA, Plaintiff cannot seek to enforce a statute which, by its terms, does not require compliance at this time. Plaintiff's contention that he will be the victim of identity theft as a result of the use of his Social Security number on his Medicare card is entirely speculative.

In response to the motion to dismiss Plaintiff devotes substantial discussion to the fact that other government agencies have successfully done what he is seeking here. The capacity of other agencies to successfully undertake this endeavor does not provide him with standing to sue nor does it provide the Court with jurisdiction to force CMS to provide him with the type of Medicare card he seeks. The only cases he cites to in response to Defendants' contention that he lacks standing are readily distinguishable. In *Obergefell v Hodges*, 576 U.S. ---, 125 S.Ct. 2584 (2015), the Supreme Court concluded that marriage is a fundamental constitutional right. Although not all of the issues raised by the plaintiffs therein established immediate harm, each of the plaintiffs was the member of a same-sex couple that desired to marry or to have a marriage valid in one state recognized as valid in another. The Court

3

disagrees with Plaintiff's characterization of that case as a decision based on equity that would permit him to proceed in this case despite his inability to establish immediate harm or threat thereof. The Court also finds *Akina v. Hawaii*, 2015 WL 7760867 (Dec. 2, 2015), a case in which the Supreme Court granted injunctive relief pending the outcome of the case before the Ninth Circuit Court of Appeals, distinguishable. Therein the lower court considered whether one or more plaintiffs had standing. *Akina v. Hawaii*, 2015 WL 6560634 (D.Haw. 2015). Therein certain of the plaintiffs desired to vote in an election, but were unable to register for the "roll" because they were unwilling to affirm "the unrelinquished sovereignty of the Native Hawaiians." *Id.* at 10. Others were signed to the roll without their permission or denied access because they could not affirm Native Hawaiian ancestry. *Id.* . The district court concluded they had pled facts to support standing because they had pled that Nai Apuni, the not-for-profit conducting the election, was acting under color of state law and holding a state election. The court concluded at least some of the Plaintiffs were injured because they would be deprived of a right to vote in a public election. *Id.* at 14. The facts of that case are readily distinguishable from Mr. Hamlin's allegations. The Court finds that the Complaint herein alleges nothing more than the speculative potential for injury insufficient to support Plaintiff's contention that he has standing to challenge the actions of any of the named Defendants.

With regard to Plaintiff's contention that HIPAA is unconstitutional, Plaintiff fails to sufficiently allege the portion of the statute that he believes is unconstitutional or why it is so. He fails to respond to Defendants' contentions regarding standing, wherein Defendants

note that it is speculative that some unknown person will at some unknown time in the future steal Plaintiff's identity and use his stolen identity to receive medical care.

In addition, as argued by Defendants, Plaintiff's Complaint fails to state a claim. He cannot successfully argue that any Defendant has violated MACRA, because it has not yet become effective with regard to the reissuance of Medicare cards. Furthermore, Plaintiff's contention that his inability to retrieve health information in the event his identity is compromised would violate the Fourteenth Amendment does not adequately state a claim.

Plaintiff bears the burden of establishing jurisdiction, to include standing. He has failed in his efforts to meet this burden, and accordingly, his Complaint is subject to dismissal. Furthermore, even accepting as true the allegations in the Complaint, Plaintiff has failed to state a claim for relief and dismissal is warranted on this ground as well. Defendants' Motion to Dismiss (Doc. No. 19) is hereby GRANTED.

IT IS SO ORDERED this 20th day of January, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE